IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01955-LTB

ROBERT J. FREEMAN,

    Applicant,

v.

ARISTEDES ZAVARAS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER DENYING MOTIONS

Applicant, Robert J. Freeman, has filed **pro se** on December 5, 2011, a "Motion for New Trial Or Post Judgment Relief" (Doc. #14) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on November 22, 2011.  Mr. Freeman also has filed a "Declaration on Unconstitutionality – Notice" (Doc. #15) that is relevant to one of the arguments he raises in the motion to reconsider and he has filed a "Motion for Court Appointed Counsel" (Doc. #16).  The Court must construe the motions liberally because Mr. Freeman is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motions will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243

(10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Freeman's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. Freeman filed the instant habeas corpus action challenging the validity of his Colorado state court conviction and sentence. Respondents were ordered to file a Pre-Answer Response addressing certain affirmative defenses if Respondents intended to raise those affirmative defenses in this action. Respondents filed a Pre-Answer Response arguing that this action is untimely and that some of Mr. Freeman's claims are unexhausted and procedurally barred. Mr. Freeman filed a reply to the Pre-Answer Response arguing, in relevant part, that this action is timely based on statutory and equitable tolling. Respondents filed a Supplement to Pre-Answer Response after being

given an opportunity to address the tolling arguments Applicant had raised.  Mr. Freeman subsequently filed a reply to the supplement.  The Court considered all of the various arguments and dismissed the action as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

Mr. Freeman raises nine arguments in the motion to reconsider, many of which the Court already addressed or could have been raised previously.  He specifically contends that: (1) the one-year limitation period is not jurisdictional and Respondents failed to demonstrate that would be harmed by defending against his claims; (2) the one-year limitation period is an unconstitutional suspension of the writ of habeas corpus; (3) the Court's form habeas corpus application provides only rudimentary notice of the one-year limitation period; (4) the fact of his incarceration impedes his ability to conduct legal research and is a disability that should toll the one-year limitation period under Colorado state law; (5) the one-year limitation period should be tolled because the prosecution withheld exculpatory evidence; (6) the attorney who filed his original state court postconviction motion had an obligation to determine whether any other claims existed; (7) his postconviction motions for transcripts tolled the one-year limitation period; (8) the Court improperly relied on **Heinemann v. Murphy**, 401 F. App'x 304 (10th Cir. 2010) ; and (9) the Court misconstrued **Wood v. Spencer**, 487 F.3d 1 (1st Cir. 2007).

On consideration of the motion to reconsider and the entire file, the Court finds that Mr. Freeman fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  The Court did not dismiss the action for lack of jurisdiction and Respondents are not required to demonstrate any harm; Mr.

Freeman's conclusory assertion that § 2244(d) is unconstitutional does not demonstrate that the one-year limitation period violates the Suspension Clause by rendering the habeas remedy inadequate or ineffective to test the legality of his detention, *see Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998); Mr. Freeman had an adequate opportunity to respond to the affirmative defenses raised by Respondents in their Pre-Answer Response; Mr. Freeman's incarceration is not a legal disability under Colorado law, *see Fogle v. Pierson*, 435 F.3d 1252, 1258 n.2 (10th Cir. 2006); the circumstances of Mr. Freeman's discovery of the allegedly exculpatory evidence should have been presented to the Court previously and do not alter the Court's determination that Mr. Freeman fails to demonstrate actual innocence; Mr. Freeman does not have a constitutional right to counsel in postconviction proceedings, *see Pennsylvania v. Finley*, 481 U.S. 551, 556-57 (1987); the Court already has addressed Mr. Freeman's argument that his motions for transcripts tolled the one-year limitation period; Mr. Freeman's contention that *Heinemann* is factually distinguishable lacks merit because the Court cited *Heinemann* only for the proposition that the absence of transcripts does not ***automatically*** triggers statutory tolling under § 2244(d)(1)(B); and Mr. Freeman's contention that the Court misconstrued *Wood* lacks merit because the Court cited *Wood* in the context of an argument under § 2244(d)(1)(B), not § 2244(d)(1)(D).

For all of these reasons, the motion to reconsider will be denied. Mr. Freeman's motion to appoint counsel will be denied as moot. Accordingly, it is

ORDERED that the "Motion for New Trial Or Post Judgment Relief" (Doc. #14) filed on December 5, 2011, is denied. It is

4

FURTHER ORDERED that the "Motion for Court Appointed Counsel" (Doc. #16) filed on December 5, 2011, is denied as moot.

DATED at Denver, Colorado, this   9th   day of    December         , 2011.

BY THE COURT:


    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court